**Dewey ENGLE, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.**

No. 85-3621.

United States Court of Appeals, Sixth Circuit.

Submitted April 23, 1986.

Decided June 5, 1986.

John C. Dixon, Barbourville, Ky., for petitioner.

J. Michael O'Neill, Brian E. Peters, Office of the Solicitor, U.S. Dept. of Labor, Washington, D.C., for respondent.

Before MERRITT and JONES, Circuit Judges; and THOMAS, Senior District Judge *

MERRITT, Circuit Judge.

Petitioner Dewey Engle appeals the Benefits Review Board's denial of his application for black lung benefits. Because we find that the Board's decision was supported by substantial evidence, we affirm.

Dewey Engle stated in his application for benefits that he had worked in coal mine employment for approximately 47 years. He began working with his father at age 14, after which he worked for various coal mine companies until 1975. In January of 1973, he applied to the Social Security Administration for federal black lung benefits under 30 U.S.C. § 901 *et seq.* That claim was denied by the Social Security Administration. In January of 1976, he filed for black lung benefits with the Department of Labor. Those benefits were denied, and a hearing was eventually held before an Administrative Law Judge on July 8, 1982. After reviewing the evidence and testimo-

---

* The Honorable William K. Thomas, Senior District Judge, United States District Court for the Northern District of Ohio, sitting by designation.

ny, the ALJ found that Engle had been a miner for at least 15 years, and thus total disability due to pneumoconiosis would be presumed if one of the medical requirements of 20 C.F.R. §§ 727.203(a)(1), (2) or (4) was met. The ALJ determined that Engle was not entitled to such presumption because he had not proved that pneumoconiosis was established either by the X-rays in evidence, by the ventilatory studies in evidence or by "other medical evidence." The ALJ also considered Engle's eligibility for benefits under 20 C.F.R. Part 410. As to each of the relevant subparts of Part 410, as with Part 727, the ALJ concluded that the medical and "other" evidence available did not establish that the claimant suffered totally disabling pneumoconiosis or a totally disabling respiratory impairment.

On June 28, 1985 the Board affirmed, finding that the ALJ's decision was supported by substantial evidence. This appeal ensued.

## II.

The sole issue presented in this appeal is whether there was in fact substantial evidence to support the ALJ's decision. Engle's brief argues that the ALJ improperly weighed the conflicting X-rays and other medical evidence in arriving at his finding of no disability. That, however, is not sufficient to warrant reversal. Instead, we are bound to uphold the ALJ's factual findings even if we disagree, so long as they are supported by substantial evidence. *Director v. Rowe,* 710 F.2d 251, 254 (6th Cir.1983); *Haywood v. Secretary,* 699 F.2d 277, 285 (6th Cir.1983).

Our function is only to see that the decision of the ALJ and Board was supported by substantial evidence, and that all evidence that the statute mandates to be considered has been considered. That was the case here: although there was some conflict, substantial evidence[1] supports the conclusion that Engle was not disabled, and it is clear that the ALJ carefully considered the entire record. Accordingly, we affirm.

---

1. The miner has the burden of establishing by a preponderance of the evidence all the facts necessary to invoke the interim presumption of 20 C.F.R. § 727.203(a) or the rebuttable presumption of section 410.414. Here, various X-ray tests produced a mix of positive and negative interpretations, as did ventilatory function and arterial blood gas studies. The ALJ appears to have weighed these conflicting results carefully, and his decision is supported by substantial evidence. As for the "other medical evidence" provision of section 727.203(a)(4), none of the medical opinions presented is sufficient to establish total disability—some in fact stated that the impairment was minimal or that there was no pneumoconiosis. Substantial evidence on the record also supports the ALJ's conclusion that Engle was not entitled to the presumption under section 410.414(b)(1).