861 F.2d 721
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Woodrow MULLINS, Petitioner,
v.
BAILEY MINING COMPANY; Old Republic Insurance Company;
Director, Office of Workers' Compensation
Programs, United States Department of
Labor, Respondents.
 No. 87-4090.
 United States Court of Appeals, Sixth Circuit.
 Nov. 4, 1988.
 
 Before KRUPANSKY and RALPH B. GUY, Jr., Circuit Judges, RONALD E. MEREDITH, District Judge.*
 PER CURIAM.
 
 
 1
 Claimant, Woodrow Mullins, appeals from the decision of the Benefits Review Board (BRB) affirming the decision of an administrative law judge (ALJ) denying benefits under the Black Lung Benefits Act. 30 U.S.C. Sec. 901, et seq. On March 9, 1976, Mullins filed an application for black lung benefits under Part C of Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended.[1] He had retired from coal mine employment at forty-three years of age. On July 19, 1979, the Department informed claimant that his claim was denied. Claimant requested a hearing. Both the Department of Labor and the employer contested claimant's entitlement to benefits. On March 18, 1981, the ALJ awarded benefits on the claim.
 
 
 2
 The employer appealed to the Benefits Review Board. The Board agreed that the ALJ had erred and on May 25, 1984, the Board vacated the ALJ's decision and remanded the case for further proceedings.
 
 
 3
 On remand the ALJ concluded that the claimant was not entitled to benefits. Claimant appealed to the BRB which affirmed the ALJ. Mullins then filed this appeal. Upon review, absent an error of law, findings of fact and conclusions flowing therefrom must be affirmed if supported by substantial evidence. Engle v. Director, OWCP, 792 F.2d 63 (6th Cir.1986). Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). On appeal, we may not reweigh the evidence de novo. Director, OWCP v. Rowe, 710 F.2d 251 (6th Cir.1983). Applying these familiar principles to the record before us, we conclude that there is substantial evidence supporting the decision of the BRB and affirm.
 
 I.
 
 4
 Mullins last worked in the coal mining industry in March of 1976. He had worked for at least seven coal companies during his working life and although he claimed twenty-five years of coal mine employment, the ALJ credited him with only fifteen years of mine work. In the year prior to his retirement, Mullins worked full time and took no sick leave.
 
 
 5
 Due to the years of coal mine work with which Mullins was credited, his claim was evaluated under the Department of Labor's "interim presumption" found at 20 C.F.R. Sec. 727.203. The "interim presumption" may be invoked when a miner has ten or more years of coal mine work and presents (1) chest x-ray films showing markings consistent with coal workers' pneumoconiosis, (2) pulmonary function test results meeting published criteria, (3) arterial blood gas studies meeting published criteria, or (4) the reasoned and documented opinion of physicians establishing the presence of a totally disabling respiratory or pulmonary impairment, regardless of the cause. 20 C.F.R. Sec. 727.203(a)(1)-(4). The first ALJ to review this claim awarded benefits pursuant to 20 C.F.R. Sec. 727.203(a)(4), finding the presumption to be invoked by physicians' opinions. This finding was overturned by the BRB because it concluded that the evidence only supported a finding of vocational disability rather than functional incapacity.
 
 
 6
 On remand, the ALJ considered ten chest x-ray films and eleven interpretations of those films. He also reviewed five pulmonary function studies and three arterial blood gas studies. There were also the reports of seven doctors who examined Mullins.
 
 
 7
 With regard to the x-ray evidence, the record shows that several doctors concluded that there was evidence of simple pneumoconiosis. However, all of the B or C readers interpreted the films as negative for pneumoconiosis.[2] The most recent film in the record was read as negative, which is significant because of the progressive nature of pneumoconiosis. The ALJ weighed this evidence and credited the interpretation given by the B and C readers. This resulted in a finding that section 727.203(a)(1) was not applicable.
 
 
 8
 In evaluating the pulmonary function studies the ALJ found that four of these studies either failed to yield values sufficient to indicate a total impairment under section 727.203(a)(2) or failed to conform to the technical requirements for such studies set forth at 20 C.F.R. Sec. 410.430. The one study that did qualify was based on only "fair effort." The ALJ thus concluded that there was insufficient evidence to invoke the interim presumption under section 727.203(a)(2).
 
 
 9
 It is undisputed that none of the three arterial blood gas studies were qualifying and thus section 727.203(a)(3) is inapplicable.
 
 
 10
 The primary argument concerns whether the presumption should have been invoked on remand under section 727.203(a)(4) as was done by the first ALJ. The second ALJ concluded that the evidence would not support a finding that the section 727.203(a)(4) standard had been met.[3] Since the ALJ concluded that the claim could not be granted pursuant to section 727.203(a), it was unnecessary to consider rebuttal evidence.[4]
 
 II.
 
 11
 The primary thrust of claimant's argument on appeal is that "[t]he ALJ and BRB erroneously gave more weight to non-examining doctors than to examining doctors." (Appellant's brief at 6).
 
 
 12
 The principle of law that claimant seeks to apply by analogy is that the medical opinions and diagnoses of treating physicians are generally accorded substantial deference when considered against the opinions of non-treating physicians. Harris v. Heckler, 756 F.2d 431 (6th Cir.1985). This principle, however, is not applicable to the opinions of examining versus non-examining x-ray readers. We have specifically held that "[r]adiologists as a rule interpret x-rays without examining the patient. The reliability and probative value of an x-ray interpretation depends upon the reader's personal examination of the x-ray, his professional qualifications, and his use of accepted medical procedures." Lawson v. Secretary of Health and Human Services, 688 F.2d 436, 438 (6th Cir.1982).
 
 
 13
 Furthermore, the ALJ's right to weigh and evaluate the evidence before him prior to the rebuttal stage of the hearing has now been conclusively established by the Supreme Court's recent holding in Mullins Coal Co. Inc. of Virginia v. Director, OWCP, 108 S.Ct. 427 (1987).
 
 
 14
 We therefore reject claimant's contention that the ALJ and BRB erred in attaching greater significance to the x-ray interpretations by B and C readers. This disposes of claimant's argument as it relates to section 727.203(a)(1).[5]
 
 
 15
 As to the catch-all provisions of section 727.203(a)(4), the claimant again misapplies the applicable principle of law. A treating or examining physician's opinion will be accorded substantial deference only if the opinion relates to the criteria set forth in the regulations. Here several of the physicians opined that the claimant is vocationally disabled from returning to coal mine work. However, to invoke the interim presumption of section 727.203(a)(4) the opinion must be that there is a "totally disabling respiratory or pulmonary impairment" regardless of the cause.
 
 
 16
 Giving the deference to the doctor's opinions as suggested by claimant merely results in a showing that claimant cannot go back to his old job. It does not support a finding of "totally disabled" as is required. The test of total disability is solely a medical test and not a vocational one. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 490 (6th Cir.1985).
 
 
 17
 Claimant also argues that he may qualify for benefits by establishing that "he does not have the physiological pulmonary capacity to perform his usual coal mine work." (Appellant's brief at 13). Mullins then goes on to argue that medical evidence establishing that a claimant must avoid further exposure to coal dust is sufficient to establish that the miner is no longer capable of performing his usual coal mine work. Wright v. Island Creek Coal Company, 824 F.2d 505 (6th Cir.1987). The problem with this contention is that it involves a misreading of 20 C.F.R. Sec. 718.204(b) which defines "total disability." Section 718.204(b) reads:
 
 
 18
 (b) Total disability defined. A miner shall be considered totally disabled if the irrebuttable presumption in Sec. 718.304 applies. If the irrebuttable presumption described in Sec. 718.304 does not apply, a miner shall be considered totally disabled if pneumoconiosis as defined in Sec. 718.201 prevents or prevented the miner:
 
 
 19
 (1) From performing his or her usual coal mine work; and
 
 
 20
 (2) From engaging in gainful employment in the immediate area of his or her residence requiring the skills or abilities comparable to those of any employment in a mine or mines in which he or she previously engaged with some regularity over a substantial period of time.
 
 
 21
 This section is written in the conjunctive not the disjunctive and we have held in Adams v. Peabody Coal Co., 816 F.2d 1116, 1118 (6th Cir.1987), that a miner is not disabled if he can do his usual coal mine work or comparable and gainful work. Thus, proving that a miner can no longer work in the mines gets a claimant only halfway down the road to proving "total disability."
 
 
 22
 Since we find that the ALJ did not commit error in the application of the relevant law and that there is substantial evidence supporting the result reached, we AFFIRM the decisions denying benefits.
 
 
 
 *
 Honorable Ronald E. Meredith, United States District Court, Western District of Kentucky, sitting by designation
 
 
 [1]
 The claim was reactivated following passage of the Black Lung Benefit Reform Act of 1977
 
 
 [2]
 A "B" reader is a physician who has demonstrated proficiency in assessing and classifying x-ray evidence of pneumoconiosis by successfully completing an examination conducted by, or on behalf of, the Director of Health and Human Services. Consequently, greater weight is often given to a diagnosis by a "B" reader. See Back v. Director, OWCP, 796 F.2d 169 (6th Cir.1986); Lawson v. Secretary, 688 F.2d 436 (6th Cir.1982). A "C" level reader is one who has achieved the top level of expertise
 
 
 [3]
 The ALJ specifically found that:
 After examining all of the medical opinions introduced and reviewing the case law, I conclude that the evidence is insufficient to raise the presumption pursuant to Sec. 727.203(a)(4). See Meadows v. Westmoreland Coal Co., 6 BLR 1-773. There is no clear showing that claimant is totally disabled from performing his duties as a shuttle car operator. Although there is a consensus among the doctors that the claimant is vocationally disabled from returning to coal mine work, this does not establish total disability due to pneumoconiosis as required by (a)(4). "Vocational disability" is a term of art which means that the claimant could not pass a pre-employment physical for work in the coal mines. This does not, however, address the degree of disability.
 Doctors Martin, Anderson and O'Neill all testified that claimant would be precluded from performing heavy manual labor. There is no clear showing, however, that claimant would be precluded from returning to his position as shuttle car operator which requires a medium level of exertion. Dr. O'Neill testified that he thought that the claimant could do many forms of work including coal mining (CX1). Only Dr. Potter, claimant's personal physician, stated that claimant "has a very significant cardio-pulmonary disease and that he is totally and permanently disabled." Dr. Potter fails, however, to distinguish between disability caused by claimant's heart problems and disability caused by his lung disease. His opinion, therefore, cannot support invocation. See Lester v. Four L. Coal Co., 5 BLR 1-74 (1982).
 Doctor Anderson's and Doctor O'Neill's reports also cast doubt on the source of disability in this case. The evidence is inconclusive as to whether claimant's level of disability is due to coal worker's pneumoconiosis, arteriosclerotic heart disease, bronchitis or a combination thereof.
 (App. 97-98).
 
 
 [4]
 However, the ALJ did consider the claim under Subpart D of Part 410 of the regulations and found the evidence insufficient to satisfy the criteria set forth
 
 
 [5]
 The argument has no application to the criteria set forth in sections 727.203(a)(2) and 727.203(a)(3)