870 F.2d 657
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Casey SAMONS, Petitioner-Appellant,
v.
NATIONAL MINES CORPORATION and Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents-Appellees.
 No. 88-3334.
 United States Court of Appeals, Sixth Circuit.
 March 13, 1989.
 
 Before RALPH B. GUY Jr. and ALAN E. NORRIS, Circuit Judges, and ROBERT HOLMES BELL, District Judge.*
 PER CURIAM.
 
 
 1
 Claimant, Casey Samons, appeals from the denial of black lung benefits by the Benefits Review Board (Board), United States Department of Labor, 33 U.S.C. Sec. 921(c), as incorporated by 30 U.S.C. Sec. 932(a). On appeal, Samons asserts that the administrative law judge (ALJ), whose decision was upheld by the Board, improperly weighed evidence in determining that Samons was not entitled to application of the presumption found in 20 C.F.R. Sec. 727.203(a). Upon review, we conclude that there is no merit to claimant's contentions, and that the Board's decision should be affirmed.
 
 I.
 
 2
 Claimant filed for benefits on August 8, 1976, under Part C of Title IV of the Federal Coal Mine Health and Safety Act of 1969 (Act), as amended, 30 U.S.C. Sec. 931, et seq. Claimant was born on December 6, 1920, and he intermittently worked in the coal mines for over thirty years between 1940 and 1976. He stopped working in September 1976 for the stated reasons of kidney trouble and chest pains.
 
 
 3
 Samons' claim was initially administratively granted, and the employer, National Mines Corporation, requested a hearing. A hearing was held before an ALJ in May 1981, and the ALJ denied benefits. Then, upon reconsideration, the ALJ granted benefits. The employer appealed to the Board and, on February 21, 1985, the Board remanded the case to the ALJ on the basis that the ALJ had erred in refusing the employer time to respond to the claimant's last-minute x-ray evidence, and in invoking the presumption on the basis of pulmonary function studies that did not meet published values.
 
 
 4
 On remand, the ALJ denied benefits, and the Board subsequently affirmed the denial on March 21, 1988.
 
 II.
 
 5
 Claimant asserts in his appeal that the ALJ erred by improperly weighing evidence in determining that the claimant was not entitled to invoke the presumption of 20 C.F.R. Sec. 727.203(a).[1] Claimant's argument is that he was entitled to the presumption under section 727.203(a)(1) on the basis that he had a chest x-ray which was read as positive for pneumoconiosis and that the chest x-ray readings by examining physicians should have been given more weight by the ALJ than chest x-rays by non-examining physicians.
 
 
 6
 Initially, we note that a claimant seeking to invoke the presumption "has the burden of establishing by a preponderance of the evidence all the facts necessary to invoke the interim presumption of 20 C.F.R. Sec. 727.203(a)...." Engle v. Director, Office of Workers' Compensation Programs, 792 F.2d 63, 64 n. 1 (6th Cir.1986). And upon review, our inquiry is limited to scrutinizing for errors of law and determining whether there is substantial evidence to support the ALJ's findings. Riley v. National Mines Corp., 852 F.2d 197, 198 (6th Cir.1988).
 
 
 7
 The medical evidence that claimant offered to the ALJ centered primarily on section 727.203(a)(1). Claimant had a qualifying chest x-ray done in 1976 which indicated "2/1 q hi silicosis." This film was subsequently read as negative by three radiologists who were also "B" readers.[2] Another x-ray taken in 1976 was read as positive by a radiologist but later read as negative by two "B" readers. A third 1976 x-ray was read as positive by Dr. Anderson, a pulmonary specialist, but not a radiologist or "B" reader. Later x-rays done in 1978 and 1979 were read as negative. In 1980, claimant's x-ray was read as positive by Dr. Brent Brandon, a radiologist and "B" reader. This x-ray was subsequently read as negative by four other "B" readers.
 
 
 8
 There were no qualifying pulmonary function studies or blood gas studies. There were several medical reports, but the ALJ found them to be generally conclusory and lacking in documentation.[3] Two of the physicians diagnosed pneumoconiosis on the basis of the claimant's chest x-ray and did not disclose any of the claimant's symptoms or physical findings. Since the ALJ found these positive x-ray readings outweighed by more reliable negative readings, he found these medical opinions of little value in determining disability.[4] The only report that the ALJ found persuasive and well documented was Dr. Anderson's report, which diagnosed claimant as having category 2 pneumoconiosis and symptoms of early arteriosclerotic heart disease. Dr. Anderson performed a physical examination and several tests. The ventilatory test was normal, and the blood gas test showed only a "mild" decrease in respiratory capacity. Dr. Anderson concluded that the claimant's heart disease was the cause of the claimant's "functional disability."
 
 
 9
 Subsequent to claimant's filing of this appeal and his brief, this court decided Riley. 852 F.2d 197. In Riley, we held that it was proper for the ALJ to weigh the evidence in determining whether the presumption was invoked. Riley was decided in conformance with the Supreme Court's decision in Mullins Coal Co. v. Director, Office of Workers' Compensation Programs, 108 S.Ct. 427 (1987). These two cases are dispositive of the claimant's issue in this appeal. In accordance with Mullins, the ALJ here properly considered all relevant evidence under section 727.203(a) in concluding that the claimant could not invoke the presumption. Furthermore, due to the significant number of recent negative readings by "B" readers, we conclude that there was substantial evidence to support the ALJ's decision of no presumption under section 727.203(a)(1).
 
 
 10
 Claimant also argues that the ALJ erred in giving more weight to x-ray readings by non-examining physicians than by examining physicians. Actually, the ALJ gave more weight to x-ray readings by "B" readers than by non-"B" readers. However, this court has also previously stated that the fact that "B" readers did not examine the claimant is irrelevant. Lawson v. Secretary of Health and Human Services, 688 F.2d 436 (6th Cir.1982). In Lawson, we explained:
 
 
 11
 The reliability of X-ray interpretations, however, does not depend upon examination of the patient. Radiologists as a rule interpret X-rays without examining the patient. The reliability and probative value of an X-ray interpretation depends upon the reader's personal examination of the X-ray, his professional qualifications, and his use of accepted medical procedures.
 
 
 12
 Id. at 438. This is not the type of situation where positive x-ray evidence by a qualified physician was outweighed by one negative x-ray reading by a non-examining physician. See Conn v. White Deer Coal Co., 862 F.2d 591, 594 (6th Cir.1988). Therefore, we find no merit in claimant's assertion that x-ray readings by examining physicians should be given more deference than other readings.
 
 
 13
 In order to invoke the presumption under section 727.203(a)(1), plaintiff had to prove, by a preponderance of the evidence, that his disease was in fact pneumoconiosis. See Mullins, 108 S.Ct. at 431. Upon review, we find no error in the ALJ's decision that claimant was not entitled to the presumption.[5]
 
 III.
 
 14
 Claimant also asserts that he should have been entitled to benefits under Part 410 or section 718 of the Act. Section 718 applies to claims filed after March 31, 1980. 20 C.F.R. Sec. 718.2. However, section 727.203(d) provides:
 
 
 15
 (d) Failure of miner to qualify under the presumption in paragraph (a) of this section. Where eligibility is not established under this section, such eligibility may be established under Part 718 of this subchapter as amended from time to time.
 
 
 16
 Part 410 contains the permanent Social Security Administration regulations pertaining to claims filed on or before June 30, 1973. 20 C.F.R. Sec. 727.200. However, in enacting the Black Lung Benefits Act of 1977, Congress provided that the criteria for determining whether a miner is totally disabled due to pneumoconiosis "shall not be more restrictive than the criteria applicable to a claim filed on June 30, 1973." 30 U.S.C. Sec. 902(f)(2). See Pittston Coal Group v. Sebben, 109 S.Ct. 414 (1988).
 
 
 17
 The ALJ examined whether the claimant was entitled to benefits under Part 410. In order to establish entitlement under Part 410, a coal miner must show that he is totally disabled due to pneumoconiosis and that the pneumoconiosis arose out of coal mine employment. See 20 C.F.R. Sec. 410.410(b). The ALJ then concluded that since the claimant had not demonstrated himself to be totally and permanently disabled due to pneumoconiosis, he was not entitled to black lung benefits under Part 410. See 20 C.F.R. Sec. 410.426(a).[6]
 
 
 18
 The respondent in this case, National Mines Corporation, asserts that we should not consider this issue on appeal since it was not raised below. We agree with the respondent that this argument was not raised before the Board. The Board noted that claimant did not contest the ALJ's finding of no entitlement to benefits under the permanent criteria of Part 410. (App. 86 at n. 1). Additionally, this appeal is the first time that claimant has mentioned that his claim should be evaluated under section 718. Under the doctrine of exhaustion of administrative remedies, we decline to consider an argument which was not raised in agency proceedings prior to this appeal. Hix v. Director, Office of Workers' Compensation Programs, 824 F.2d 526 (6th Cir.1987); Director, Office of Workers' Compensation Programs v. North American Coal Corp., 626 F.2d 1137 (3d Cir.1980).
 
 
 19
 The decision of the Board is AFFIRMED.
 
 
 
 *
 Honorable Robert Holmes Bell, United States District Court, Western District of Michigan, sitting by designation
 
 
 [1]
 Section 727.203(a) provides that a miner who has engaged in coal mine employment for at least ten years will be presumed to be disabled due to pneumoconiosis if (1) a chest x-ray establishes the existence of pneumoconiosis; (2) ventilatory studies establish the presence of a chronic respiratory or pulmonary disease; (3) blood gas studies demonstrate the presence of an impairment in the transfer of oxygen from the lungs to the blood; or (4) other medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, establishes the presence of a totally disabling respiratory or pulmonary impairment
 
 
 [2]
 "B" readers are radiologists who have successfully completed an examination demonstrating their proficiency in assessing pneumoconiosis by x-ray. See Hatfield v. Secretary of Health & Human Services, 743 F.2d 1150, 1154 n. 3 (6th Cir.1984)
 
 
 [3]
 Determinations under section 727.203(a)(4) of whether a physician's report is sufficiently documented and reasoned is a matter of credibility left to the trier of fact. Moseley v. Peabody Coal Co., 769 F.2d 357, 360 (6th Cir.1985), citing Director, Office of Workers' Compensation Programs v. Rowe, 710 F.2d 251 (6th Cir.1983)
 
 
 [4]
 The ALJ, on remand, invited the parties to expand the medical record, and specifically noted that the claimant had an opportunity to correct these cursory medical opinions, but did not do so. (App. 69)
 
 
 [5]
 Plaintiff has not appealed the ALJ's finding of no entitlement to the presumption under section 727.203(a)(2)-(4)
 
 
 [6]
 The ALJ did not discuss section 718; however, under this section, a miner must also show that he is totally disabled due to pneumoconiosis. 20 C.F.R. Sec. 718.204