972 F.2d 347
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Will HAMILTON, Petitioner,
v.
TURNER ELKHORN MINING COMPANY; American Business and
Mercantile Insurance Company; Director, Office of
Workers' Compensation Programs, United
States Department of Labor, Respondents.
 No. 92-3326.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1992.
 
 1
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and COOK, Chief District Judge.*
 
 ORDER
 
 2
 Will Hamilton, pro se, petitions for review of the Benefits Review Board's (BRB) decision denying him benefits under the Black Lung Benefits Act. 30 U.S.C. §§ 901-945. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The claimant filed his application for benefits with the Department of Labor (DOL) on February 6, 1986. The claim was denied administratively and the claimant requested a formal hearing, which hearing was held before an Administrative Law Judge (ALJ) on May 16, 1989. Thereafter, the ALJ issued a Decision and Order denying benefits, which determination was affirmed by the BRB, on appeal. On appeal to this court, Hamilton argues: 1) that the ALJ and BRB overlooked the most important physician's opinion of record, specifically that of Dr. Ira B. Potter; and 2) that the ALJ did not give adequate consideration to the fact he was having breathing problems and that several doctors who had examined him diagnosed black lung disease. The Director has informed the court that it will not be filing a brief, on appeal.
 
 
 4
 Hamilton has also submitted to this court additional medical evidence, specifically a report by Dr. Ballard Wright, summarizing an examination done in September of 1990. The record shows that the claimant attempted to submit this additional evidence to the BRB, but that the BRB refused to consider the evidence, as it was never presented to the ALJ, either before or at the hearing. The Board noted that their scope of review is limited to the record developed at the hearing before the ALJ. 20 C.F.R. § 802.301. Consequently, this evidence was never made part of the record, and therefore, will not be considered for the first time, on appeal. Cox v. Benefits Review Bd., 791 F.2d 445, 447 (6th Cir.1986) (per curiam).
 
 
 5
 Because this claim was filed after March 31, 1980, the ALJ and Board properly analyzed the claim under Part 718 of the regulations. 20 C.F.R. § 718.2; Saginaw Mining Co. v. Ferda, 879 F.2d 198, 204 (6th Cir.1989). To establish eligibility for benefits under this part, Hamilton must show that: 1) he has pneumoconiosis; 2) the pneumoconiosis arose out of coal mine employment; and 3) the pneumoconiosis has rendered him totally disabled. 20 C.F.R. §§ 718.2, 718.202-718.205; Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989). The claimant bears the burden of proving each of these elements by a preponderance of the evidence. Adams, 886 F.2d at 820.
 
 
 6
 A thorough review of the entire record reveals that the ALJ accurately and sufficiently summarized all relevant medical evidence submitted by the parties. In analyzing the x-ray evidence pursuant to § 718.202(a)(1), the ALJ gave greater probative weight to the most recent films and to those x-rays read by B-readers and board-certified radiologists. This was clearly within the ALJ's discretion. Mullins Coal Co. v. Director, OWCP, 484 U.S. 135, 146-49 (1987); Ferda, 879 F.2d at 205; Back v. Director, OWCP, 796 F.2d 169, 172 (6th Cir.1986); Orange v. Island Creek Coal Co., 786 F.2d 724, 727 (6th Cir.1986). The overwhelming majority of the most recent x-ray films and those films read by the most qualified readers show that there is no evidence of pneumoconiosis, or that there is no disease, whatsoever. Thus, the record contains substantial evidence to support the ALJ's determination that pneumoconiosis had not been established pursuant to § 718.202(a)(1).
 
 
 7
 The ALJ also found that pneumoconiosis could not be established pursuant to § 718.202(a)(2) or § 718.202(a)(3), as no biopsy evidence had been submitted and no presumptions were applicable to Hamilton's claim. These conclusions are also clearly supported by the record.
 
 
 8
 Finally, the ALJ found no pneumoconiosis pursuant to § 718.202(a)(4). In doing so, the ALJ provided reasons for assigning less probative weight to certain physicians of record who had reported pneumoconiosis. The ALJ assigned greater weight to the "better-reasoned medical opinion" of Dr. Harrison, who found no pneumoconiosis and who diagnosed bronchitis because of Hamilton's long history of cigarette smoking. The claimant's argument, that the ALJ did not properly weigh conflicting x-rays and other medical evidence in deciding to deny benefits, is not sufficient to warrant a reversal of the ALJ's decision. This court is bound to uphold that decision, even if this court would disagree with the ALJ's ultimate determination, so long as the factual findings by the ALJ are supported by substantial evidence and all evidence that the statute mandates to be considered is indeed considered. Engle v. Director, OWCP, 792 F.2d 63, 64 (6th Cir.1986). It is the ALJ who must make credibility determinations and resolve inconsistencies in the evidence. Riley v. National Mines Corp., 852 F.2d 197, 198 (6th Cir.1988) (per curiam). Determinations of whether a physician's report is sufficiently documented and reasoned are left to the trier of fact. Fife v. Director, OWCP, 888 F.2d 365, 369 (6th Cir.1989) (per curiam); Director, OWCP v. Rowe, 710 F.2d 251, 255 (6th Cir.1983). Therefore, it was within the ALJ's discretion to discount physicians' reports due to unreliable data on which they were based. Fife, 888 F.2d at 369.
 
 
 9
 Because the ALJ discussed each and every medical report of record and all medical evidence which may support a finding of pneumoconiosis, and because he provided his rationale for discrediting certain reports, which rationale was within his discretion, this court may not reverse his determination, even though this court may view such evidence differently, should the court have been given the opportunity to weigh the evidence de novo. Thus, the ALJ's determination that pneumoconiosis does not exist in this claimant is supported by substantial evidence, as found by the BRB, on appeal. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990); Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam).
 
 
 10
 Accordingly, the BRB's decision affirming the ALJ's denial of benefits is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., Chief U.S. District Judge for the Eastern District of Michigan, sitting by designation