823 F.2d 553
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Garnie B. WILSON, Petitioner,
v.
Lawrence W. ROGERS, Director, Office of Workers'
Compensation Programs and United States Department
of Labor, Respondent.
 No. 86-3758
 United States Court of Appeals, Sixth Circuit.
 July 16, 1987.
 
 Before MERRITT, MARTIN and WELLFORD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Athliy Willie Wilson, widow of former miner Garnie B. Wilson, appeals the Director's denial of black lung benefits under the Black Lung Benefits Act, as amended, 30 U.S.C. Secs. 901-945. Wilson's main contention is that we should reconsider our decision in Back v. Director, Office of Workers' Compensation Programs, 796 F.2d 169 (6th Cir. 1986), so that in cases where a number of years has elapsed between earlier negative X-rays and later positive X-rays, the earlier medical evidence can be considered irrelevant or of little probative value. We agree with the reasoning in Back that all X-ray evidence is to be considered and weighed together in order to determine the presence of pneumoconiosis.
 
 
 2
 Garnie Wilson worked in the mines from 1935 until 1966. He spent fifteen years working underground and thirteen on the surface. From 1966 until Wilson's retirement in 1978 at age 70, he performed maintenance and electrical work in a factory.
 
 
 3
 Wilson first applied for benefits in December 1973. As his medical evidence he submitted one set of pulmonary tests taken in January 1974 with poor patient cooperation, two negative readings of an X-ray taken in January 1974, and two reports from a physician. The claim apparently lay dormant until April 1979 when Wilson was informed that his claim was being reconsidered in light of the 1977 amendments to the Black Lung Benefits Act. The Director invited Wilson to submit additional medical evidence.
 
 
 4
 Wilson's new evidence included a positive reading of an X-ray taken in June 1979 and a positive reading of an X-ray taken in July 1979. The latter X-ray was reread by a B-reader as negative. Wilson's claim was denied in September 1979. He then requested a hearing before an administrative law judge. Shortly before the hearing in June 1983, Wilson submitted a third positive reading of an X-ray taken in May 1983. Neither the first 1979 positive reading nor the third 1983 positive reading was reexamined by a B-reader; none of the positive interpretations was made by a B-reader.
 
 
 5
 The administrative law judge denied benefits in April 1984 stating that Wilson was not entitled to a presumption of total disability because of pneumoconiosis on the basis of X-ray readings, as allowed by 20 C.F.R. Sec. 727.203(a)(1). Wilson appealed and the Benefits Review Board affirmed the administrative law judge's decision in June 1986. Wilson died in September 1986 at age 78.
 
 
 6
 Wilson's widow argues that we should reconsider the holding in Back v. Director, Office of Workers' Compensation Programs, 796 F.2d 169 (6th Cir. 1986), in which we stated that
 
 
 7
 the existence of an earlier negative X-ray provides a basis for the Secretary to hold that later positive ones do not establish the existence of pneumoconiosis as a matter of law, and permits the Secretary to require that positive X-rays be re-read serially. Couch v. Secretary of Health and Human Services, 774 F.2d 163, 167-68 (6th Cir. 1985). In this situation the Secretary may not deny benefits solely on the basis that the earlier negative X-ray creates a conflict. Only when a serial re-reading of the positive X-rays produces a later negative reading by a qualified reader may the Secretary find a conflict. It is the later negative reading that discloses the conflict and provides substantial evidence for a denial of benefits.
 
 
 8
 Id. at 172. The claimant asks us to refine this rule so that in cases where a claim is being reconsidered after a lapse of several years, the earlier installment of X-ray evidence would be set aside or given very little weight in assessing conflicting X-ray evidence. In addition the Director would be required to have certified B-readers reevaluate positive interpretations made by non-certified readers.
 
 
 9
 Wilson argues that in cases where a considerable period of time has elapsed between the initial claim with its supporting medical evidence and the Director's invitation for reconsideration with its accompanying newer evidence, the court should allow the administrative law judge and the Director to have discretion in deciding the weight to be assigned to the older evidence. Wilson contends that in the absence of a showing that a claimant has 'shopped' for readers who will give positive readings, the more recent evidence should be given greater emphasis.
 
 
 10
 We find no compelling reason to revisit the recent decision in Back. Back, like the present case, involved a claim filed in the early 1970's and reconsidered under the more lenient standards of the 1977 amendments. Both Back and Wilson submitted, in the second installment of evidence, positive interpretations of X-rays that were subsequently read as negative by qualified B-readers. Wilson, unlike Back, had no X-rays read as positive by a qualified B-reader.
 
 
 11
 Based on the rationale of Back we find that the administrative law judge correctly found a conflict in the X-ray evidence and that such a conflict provided substantial evidence to support the denial of benefits. Accordingly, the decision of the Benefits Review Board is affirmed.