829 F.2d 38
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Oinbee KIDD, Petitioner,
v.
E. LAWSON COAL COMPANY; Old Republic Insurance Company;
Director, Office of Workers' Compensation
Programs, United States Department of
Labor, Respondents.
 No. 86-3537
 United States Court of Appeals, Sixth Circuit.
 September 10, 1987.
 
 Before ENGEL, MERRITT and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Oinbee Kidd petitions for review of the Benefits Review Board's denial of his claim for black lung benefits.
 
 
 2
 Petitioner raises the sole issue of whether the ALJ erred in denying him the presumption of pneumoconiosis, 20 C.F.R. Sec. 727.203(a). He argues that he was entitled to the presumption on the strength of X-ray evidence and the opinions of two examining physicians, Drs. Lowell Martin and Syed Akhtar.
 
 
 3
 Petitioner was X-rayed eight times between March 18, 1977 and February 11, 1980. The first four X-rays were read as positive for pneumoconiosis, but the qualifications of the readers do not appear in the record. The fourth X-ray (from December 12, 1977) was reread as negative by three B-readers. A reader whose credentials do not appear read the fifth X-ray (April 25, 1978) as positive. Three B-readers reread it as negative. A B-reader read the sixth X-ray (July 6, 1979) as positive, and three other B-readers reread it as negative. Two B-readers read the seventh and eighth X-rays as negative.
 
 
 4
 The respondent company argues under Back v. Director, OWCP, 796 F.2d 169 (6th Cir. 1986), that there was no error in the ALJ's refusal to invoke the presumption under section 727.203(a)(1) on the basis of the X-ray evidence. Back ruled that 'the existence of an earlier negative X-ray provides a basis for the [ALJ] to hold that later positive ones do not establish the existence of pneumoconiosis as a matter of law, and permits the [ALJ] to require that positive X-rays be re-read serially.' Id. at 172.
 
 
 5
 The ALJ considered eight medical opinions in deciding whether to invoke the presumption under section 727.203(a)(4). Petitioner relies on the opinions of Drs. Martin and Akhtar. Dr. Martin examined petitioner on April 25, 1978. He read an X-ray and interpreted it as showing silicosis, and he performed a 'match test.' From this evidence Dr. Martin concluded, 'This patient should not return to underground coal mining because of his Silicosis.' Akhtar examined petitioner on July 18, 1979 and diagnosed 'pulmonary emphysema and prolonged exposure to coal dust' and 'heart trouble and exertional chest pain.' He recommended 'Moderate limitation of physical activity because of shortness of breath.' The ALJ stated in refusing to invoke the presumption: 'while several doctors reported or testified that the claimant should not be further exposed to coal dust from his underground mining, none of them found him totally disabled due to a respiratory or pulmonary impairment . . ..'
 
 
 6
 Upon consideration the court is of the opinion that substantial evidence supports the decision of the Benefits Review Board to deny benefits in this case. Petitioner's reliance upon Usery v. Turner Elkhorn Mining Co., 428 U.S. 1 (1976), as compelling us to hold that a rebuttable presumption was established by the existence of one X-ray which was read by a B-reader as positive is misplaced in view of the extensive evidence to the contrary. At least eight X-rays were taken and with the one exception cited, all other readings by B-certified readers were negative. Under those circumstances, we conclude that this case is similar to that in Back v. Director, 796 F.2d 169 (6th Cir. 1986), and that the Board was correct in determining that the rebuttable presumption of pneumoconiosis was not established. We also find no error in the ALJ's view that Drs. Martin and Akhtar did not diagnose petitioner as being totally disabled.
 
 
 7
 Accordingly, the decision of the Benefits Review Board is upheld.