835 F.2d 877
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roxie COCHRAN, Widow of Willie Cochran, Deceased, Petitioner,
v.
ROYAL DARBY COAL CO.; Liberty Mutual Insurance Co.;
Lawrence W. Rogers, Director, Office of Workers'
Compensation Programs, United States
Department of Labor, Respondent.
 No. 87-3047.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1987.
 
 Before MERRITT and ALAN E. NORRIS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Claimant Roxie Cochran, widow of deceased miner Willie Cochran, petitions this court to review a decision of the Benefits Review Board ("BRB"), which affirmed an administrative law judge's ("ALJ's") denial of black lung benefits to Cochran. Cochran contends, as she did before the BRB, that the ALJ erred in refusing to invoke the interim presumption of total disability due to pneumoconiosis under 20 C.F.R. Sec. 727.203(a)(1) & (a)(4). We agree with the BRB's conclusion that the ALJ's decision is supported by substantial evidence. Accordingly, we affirm.
 
 
 2
 An appellate court exercises only limited review over BRB decisions: "The court of appeals scrutinizes Board decisions for errors of law and for adherence to the statutory standard governing the Board's review of the administrative law judge's factual determinations." Director, OWCP v. Rowe, 710 F.2d 251, 254 (6th Cir.1983) (quoting Bumble Bee Seafoods v. Director, OWCP, 629 F.2d 1327, 1329 (9th Cir.1980)). The BRB is statutorily mandated to uphold factual findings that are supported by substantial evidence. See 33 U.S.C. Sec. 921(b)(3) (1982). Since no question of law is before us on appeal, the question for our review is whether the Board correctly determined that the ALJ's decision was based on "substantial evidence." See Bizzarri v. Consolidation Coal Co., 775 F.2d 751, 753 (6th Cir.1985). "Substantial evidence is 'more than a mere scintilla;' substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1975)).
 
 
 3
 The ALJ found the evidence insufficient to invoke the presumption under 20 C.F.R. Sec. 727.203(a)(1) & (a)(4). Under subsection (a)(1), the interim presumption will be invoked if "[a] chest roentenogram (x-ray), biopsy, or autopsy establishes the existence of pneumoconiosis." 20 C.F.R. Sec. 727.203(a)(1). Although the x-ray evidence alone might have warranted invocation, the ALJ was also faced with the examining pathologist's failure to find pneumoconiosis in a biopsy of Willie Cochran's lung tissue. The ALJ weighed the conflicting evidence before him, see Back v. Director, OWCP, 796 F.2d 169, 171-73 (6th Cir.1986), and his decision not to invoke the (a)(1) presumption is rational and supported by substantial evidence.
 
 
 4
 To invoke the presumption under (a)(4), the claimant must produce "[o]ther medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, establish[ing] the presence of a totally disabling respiratory or pulmonary impairment...." 20 C.F.R. Sec. 727.203(a)(4). Once again, however, the ALJ was confronted with conflicting medical opinions, and he undertook to determine which was more credible. See Moseley v. Peabody Coal Co., 769 F.2d 357, 360 (6th Cir.1983). The ALJ concluded that the medical evidence weighed against invocation of the (a)(4) presumption. Cochran now objects that the ALJ did not sufficiently explain why he rejected Cochran's medical doctor's opinion. We conclude to the contrary that the ALJ's decision, although perhaps not a model of clarity, adequately reflects his reasons for rejecting Dr. Matheny's opinion, and that it is rational and supported by substantial evidence.
 
 
 5
 For the foregoing reasons, we hold that the BRB properly concluded that the ALJ's decision was supported by substantial evidence. Accordingly, we AFFIRM.