856 F.2d 193
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fred F. DAUGHERTY, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 87-3847.
 United States Court of Appeals, Sixth Circuit.
 Sept. 1, 1988.
 
 Before KEITH and DAVID A. NELSON, Circuit Judges, and PATRICK J. DUGGAN, District Judge.*
 PER CURIAM.
 
 
 1
 Petitioner Fred F. Daugherty seeks review of denial of black lung benefits under the Black Lung Benefits Act, 30 U.S.C. Secs. 901 et seq. Mr. Daugherty argues that the agency erred in finding that he was not entitled to the statutory presumption of total disability due to pneumoconiosis under 20 C.F.R. Secs. 727.203(a)(1) and (4). We shall uphold the decision, which we believe is supported by substantial evidence.
 
 
 2
 Mr. Daugherty filed a claim for black lung benefits on December 12, 1976. In August of 1980, the Office of Workers' Compensation Programs issued an initial finding that he was entitled to benefits. The award was controverted by petitioner's former employer, the responsible operator, and after an informal conference was held in January of 1981, benefits were denied.
 
 
 3
 In March of 1982, after a hearing, an administrative law judge dismissed the designated responsible operator and remanded the case for payment of benefits from the Black Lung Disability Fund. The ALJ subsequently modified his order to postpone the Fund's liability for payments until a final determination of entitlement was made.
 
 
 4
 After another hearing, a second ALJ found in May of 1983 that although petitioner had established 28 years of coal mine employment, he had not shown that he was entitled to the interim presumption under 20 C.F.R. Sec. 727.203(a) and had not established eligibility under 20 C.F.R. Part 410, Subpart D. Benefits were therefore denied. Petitioner appealed the decision to the Benefits Review Board, which in July of 1987 affirmed the ALJ's denial of benefits. The instant petition for review followed.
 
 
 5
 Petitioner asserts that the ALJ erred in declining to invoke the interim presumption of total disability due to pneumoconiosis under 20 C.F.R. Sec. 727.203(a). This section provides that a miner who engaged in coal mine employment for at least 10 years will be presumed to be totally disabled if he also meets one of four medical requirements set forth in the subsection.
 
 
 6
 The ALJ found that petitioner did not meet any of the medical requirements for a finding of disability under Sec. 727.203(a). He found that petitioner failed to establish the existence of pneumoconiosis under Sec. 727.203(a)(1), because the majority of the "B" readers negated the existence of pneumoconiosis on X-ray. The ALJ also noted the absence of recent X-rays in the record. The ALJ found that petitioner was not entitled to the interim presumption under Secs. 727.203(a)(2) or (a)(3), because none of the ventilatory function or blood gas studies of record yielded qualifying values at the appropriate tables of those subsections. Finally, the ALJ found that none of the medical reports of record established a totally disabling respiratory or pulmonary impairment, and the reports were thus insufficient under Sec. 727.203(a)(4).
 
 
 7
 Petitioner contends that he presented sufficient X-ray evidence as well as other medical evidence to establish pneumoconiosis, but in our view the agency was not required so to read the record.
 
 
 8
 The record contains four negative readings by "B" readers of three X-rays, including two interpretations of the last X-ray in the record, taken on November 5, 1980. (A non-"B" reader, Dr. Hudson, also found the November X-ray to be negative.) The record contains two positive interpretations by "B" readers of an X-ray taken on February 27, 1980. One of the "B" readers, Dr. Cole, read the February X-ray as positive and the November X-ray as negative for pneumoconiosis. Petitioner argues that this court ought not to rely on the negative November X-ray because (1) Dr. Cole had reversed his positive finding of pneumoconiosis within an eight-month period, and (2) there was no evidence that one of the readers, Dr. Hudson, was technically competent to take an X-ray.
 
 
 9
 We find that there is substantial evidence to support the Secretary's finding. To invoke the interim presumption with X-ray evidence, a claimant must demonstrate by a preponderance of the evidence that an X-ray establishes pneumoconiosis. See Mullins Coal Co. v. Director, OWCP, 98 L.Ed.2d 450, 465 (1987). In Back v. Director, OWCP, 796 F.2d 169 (6th Cir.1986), this court found that if the X-ray evidence is conflicting, the existence of pneumoconiosis has not been established as a matter of law, and the Secretary may require that positive X-rays be re-read serially. Id. at 172. Pneumoconiosis is a progressive disease, and a negative X-ray reading that follows a positive reading necessarily creates a conflict of evidence. See Mullins Coal Co., 98 L.Ed.2d at 465. The ALJ did not err in giving greater weight to Dr. Cole's later report. Nor does the record support petitioner's challenge to Dr. Hudson's qualifications.
 
 
 10
 Petitioner further asserts that he presented other medical evidence sufficient to invoke the presumption under Sec. 727.203(a)(4). He argues that the 1976 report of Dr. Fox, his treating physician, stated that he was disabled from gainful employment in the mining industry, and this was not in conflict with Dr. Hudson's opinion that he could do moderate work. Petitioner failed to advance this argument in his appeal to the Benefits Review Board, and we find that he failed to preserve the issue for review here. See Cox v. Benefits Review Board, 791 F.2d 445, 447 (6th Cir.1986).
 
 
 11
 Having concluded that petitioner failed to show that he was entitled to the interim presumption, we do not reach his final assignment of error concerning rebuttal evidence.
 
 
 12
 The petition for review is DENIED; the order of the Benefits Review Board will not be modified or set aside.
 
 
 
 *
 Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation