983 F.2d 1065
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Chester COMPTON, Petitioner,
v.
UPPER BEAVER COAL COMPANY; Old Republic Insurance Company;
Director, Office of Workers' Compensation
Programs, United States Department of
Labor, Respondents.
 No. 92-3176.
 United States Court of Appeals, Sixth Circuit.
 Dec. 18, 1992.
 
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In this claim for Black Lung benefits, Petitioner, Chester Compton ("Compton"), appeals from a Benefits Review Board decision affirming the decision of an administrative law judge ("ALJ") denying him benefits under the Black Lung Benefits Act. 30 U.S.C. §§ 901-962 (1988). Compton argues that the ALJ applied the wrong legal standard when he determined that the "interim presumption" of total disability had been rebutted. He asks this court to remand his case for application of the correct legal standard. For the reasons stated below, we affirm the decision of the Benefits Review Board.
 
 
 2
 * Compton was born April 4, 1928. Between 1945 and 1962, he worked intermittently as a coal miner. His employment as a miner during this period consisted of working inside a mine where he hand-loaded coal and operated a shuttle buggy. His next coal mine employment was in the 1970's when he worked as a trucker for several different coal companies hauling coal from mine sites to a loading site. He worked for Upper Beaver Coal Company, one of the three Respondents, from March 15, 1976 to November 30, 1977. Compton retired from coal mine employment in October, 1978 because he was having breathing difficulties.
 
 
 3
 On November 16, 1978, Compton applied to the Department of Labor for black lung benefits. The Department denied his claim, and Compton then requested and received a hearing before an ALJ. The hearing was held on March 2, 1983, and on April 27, 1983, the ALJ issued a decision denying benefits to Compton.[1]
 
 
 4
 The ALJ analyzed Compton's claim under 20 C.F.R. § 727.203 (1991), which is commonly referred to as the "interim presumption." Section 727.203(a) permits a coal miner to establish a presumption that he is totally disabled due to pneumoconiosis. To establish this presumption, the miner must show that he has been employed in mining for ten years or more and must present one of four types of evidence: (1) chest x-rays that establish the presence of pneumoconiosis; (2) ventilatory studies that "establish the presence of a chronic respiratory or pulmonary disease"; (3) "[b]lood gas studies which demonstrate the presence of an impairment in the transfer of oxygen from the lung aveoli to the blood"; or (4) "[o]ther medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, [that] establishes the presence of a totally disabling respiratory or pulmonary impairment." 20 C.F.R. § 727.203(a) (1991).
 
 
 5
 Section 727.203(b) permits the employer to rebut the interim presumption by proving: (1) that the individual is performing "his usual coal mine work"; (2) that the individual is capable of doing his usual coal mine work or comparable gainful work; (3) that the total disability "did not arise in whole or in part out of coal mine employment"; or (4) "that the miner does not ... have pneumoconiosis." 20 C.F.R. § 727.203(b) (1991). If the employer rebuts the presumption, the miner is not entitled to benefits.
 
 
 6
 In this case, the ALJ found that Compton had been employed in coal mining for ten years, and that, under section 727.203(a)(4), the documented opinion of a physician indicated that Compton suffered from a totally disabling respiratory impairment.[2] J.A. at 10. Based upon these two findings, the ALJ concluded that Compton had established the interim presumption.
 
 
 7
 The ALJ next turned to the issue of rebuttal. He found that the interim presumption was not rebutted under sections 727.203(b)(1), (2), or (4). However, the ALJ did find that the employer had rebutted the presumption under section 727.203(b)(3) because the evidence established that Compton's disability was caused by Compton's heart disease and did not arise out of his coal mine employment. Since the employer rebutted the presumption, the ALJ denied Compton benefits.
 
 
 8
 Compton appealed the ALJ's decision to the Benefits Review Board ("Board"). In December, 1991, the Board issued a decision affirming the ALJ. The Board held that the ALJ properly found that the interim presumption had been rebutted since the ALJ found that Compton's disability was "due solely to his heart condition and was not a result of a condition arising out of coal mine employment." J.A. at 2-3. The Board also held that this finding was supported by substantial evidence. Compton then filed a timely notice of appeal to this court.
 
 II
 
 9
 This court must affirm if the ALJ's decision "is supported by substantial evidence and [is] in accordance with the applicable law." Wright v. Island Creek Coal Co., 824 F.2d 505, 507 (6th Cir.1987) (alteration in original) (quoting Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam)). The sole issue raised by Compton is whether the ALJ applied the proper standard when he found that the interim presumption had been rebutted.[3] We review the ALJ's application of the law de novo. Director, Office of Workers' Compensation Programs v. Consolidation Coal Co., 884 F.2d 926, 929 (6th Cir.1989).
 
 III
 
 10
 When the ALJ set out the standard in his decision that he used to determine whether, under section 727.203(b)(3), the employer had rebutted the interim presumption, he stated that rebuttal is established "if the evidence establishes that the Claimant's total disability did not arise out of coal mine employment." However, section 727.203(b)(3) actually provides that the presumption is rebutted if the evidence establishes that the total disability was not caused "in whole or in part" by coal mine employment. He therefore omitted the words "in whole or in part" which appear in section 727.203(b)(3). In support of his omission, he footnoted a decision, Jones v. The New River Co., 3 Black Lung Rep. (MB) 1-99 (Ben.Rev.Bd.1981) ("Jones "), where the Benefits Review Board held that the "in whole or in part" language of section 727.203(b)(3) was invalid because it was not consistent with the purpose of the Black Lung Benefits Act ("BLBA"). The Board reasoned that the purpose of the BLBA is to compensate those who are totally disabled by pneumoconiosis, and since the "in whole or in part" language would permit compensation of a coal miner who is not completely disabled, it held that this language violated the purpose of the BLBA, and consequently was invalid.
 
 
 11
 This court rejected the Jones rule in Gibas v. Saginaw Mining Co., 748 F.2d 1112, 1120 (6th Cir.1984), cert. denied, 471 U.S. 1116 (1985). There, we concluded that section 727.203(b)(3) does not permit an award of benefits to a coal miner who is only partially disabled. However, we also concluded that section 727.203(b)(3) permits a miner to recover benefits if he is totally disabled and his total disability arises even in part from his coal mine employment. Id. Thus, section 727.203(b)(3) allows the employer to rebut the interim presumption if it proves that "pneumoconiosis played no part in causing a miner's disability"; but if the pneumoconiosis is a "contributing cause to the miner's total disability, then the miner is conclusively entitled to benefits." Id.
 
 
 12
 In the case at bar, we believe that the ALJ's decision comports with Gibas. Our concern in Gibas was that denying benefits to a miner whose total disability was caused in part by pneumoconiosis was inconsistent with the express congressional goal of providing benefits to miners "who are totally disabled due to pneumoconiosis arising out of [coal mine] employment." 30 U.S.C. § 901(a) (1988); Gibas, 748 F.2d at 1120. Here, we have no such concern; relying on two medical reports,[4] the ALJ determined that Compton's "disability is due to his heart condition and not due to his coal mine employment." J.A. at 14. A fair interpretation of this finding is that the ALJ found that pneumoconiosis played no part in Compton's disability. Thus, the ALJ did not deny benefits to a miner whose total disability arose in part from coal miner's pneumoconiosis; therefore, we conclude that the ALJ's decision comports with our holding in Gibas. Our thorough review of the record satisfies us that the ALJ's findings are supported by substantial evidence.
 
 IV
 
 13
 Accordingly, we AFFIRM the decision of the Benefits Review Board.
 
 
 
 [1]
 The decision of the Board was delayed because, inter alia, of Compton's efforts to persuade the ALJ to modify his decision
 
 
 [2]
 The ALJ invoked the presumption based upon a single doctor's report that concluded that Compton suffered from a totally disabling respiratory disease. This court and the Supreme Court have ruled that the ALJ's approach to invoking the interim presumption is wrong. Mullins Coal Co. v. Director, Office of Workers' Compensation Programs, 484 U.S. 135 (1987); Back v. Director, Office of Workers' Compensation Programs, 796 F.2d 169, 172 (6th Cir.1986). This error, of course, is in Compton's favor. Since we conclude that the ALJ correctly found that the interim presumption had been rebutted, this point is moot
 
 
 [3]
 Respondents argue that Compton waived his right to appeal this issue because he failed to raise it before the Board. It is true that this court will not hear issues that have not been raised before the Board. Gibas v. Saginaw Mining Co., 748 F.2d 1112, 1119 (6th Cir.1984), cert. denied, 471 U.S. 1116 (1985). In this case, we do not have a record of the precise arguments that Compton made to the Board. However, the decision of the Board dealt with the question of whether the ALJ applied the correct legal standard in determining whether the interim presumption was rebutted under section 203(b)(3), the same question that is before this court, so we conclude that the right to appeal this issue was not waived
 
 
 [4]
 Drs. O'Neill and Powell, both pulmonary specialists, testified at their depositions that Compton's disability was caused by his heart condition and not by pneumoconiosis