1 F.3d 1242
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ira ROBINSON, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor; Pontiki Coal
Corporation, Respondents.
 No. 92-4278.
 United States Court of Appeals, Sixth Circuit.
 Aug. 11, 1993.
 
 1
 Before: KEITH and KENNEDY, Circuit Judges, and JORDAN, District Judge.*
 
 ORDER
 
 2
 Ira Robinson, pro se, petitions for review of the Benefits Review Board's (BRB) decision denying him benefits under the Black Lung Benefits Act. 30 U.S.C. Secs. 901-945. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Robinson filed his application for Black Lung benefits on December 22, 1986. The Department of Labor denied benefits on May 28, 1987, and on February 22, 1988. Robinson requested a formal hearing before an Administrative Law Judge (ALJ), and the hearing took place on April 11, 1989. Thereafter, the ALJ issued a decision and order denying benefits.
 
 
 4
 Reviewing the evidence, the ALJ determined that Robinson had not established the existence of pneumoconiosis under any of the applicable subsections of Part 718 of the regulations and, therefore, was not entitled to benefits. On appeal to the BRB, the Board affirmed that decision on the basis that it was supported by substantial evidence.
 
 
 5
 On appeal, Robinson emphasizes that he is pursuing his claim pro se and that, because he worked in the coal mining industry during the 1940's before ventilation in the coal mines was improved, there was sufficient dust present in the coal mining environment at that time "to worsen his condition" to the point where it is now. Robinson worked for the Pontiki Coal Company as a guard, and he also performed maintenance around the vicinity of the mine face and buildings adjacent to the face, all outside of the mine. However, Robinson argues that even though his work was outside, a large conveyor belt carrying coal near his work station produced an abundance of airborne coal dust to which he was exposed.
 
 
 6
 This court has recognized that it must affirm the BRB's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). This court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 7
 Because this claim was filed after March 31, 1980, the ALJ and Board properly analyzed the claim under Part 718 of the regulations. 20 C.F.R. Sec. 718.2; Saginaw Mining Co. v. Ferda, 879 F.2d 198, 204 (6th Cir.1989). To establish eligibility for benefits under this Part, Robinson must show that: 1) he has pneumoconiosis; 2) the pneumoconiosis arose out of coal mine employment; and 3) the pneumoconiosis has rendered him totally disabled. 20 C.F.R. Secs. 718.2, 718.202-718.205; Adams v. Director, OWCP, 886 F.2d 818, 821 (6th Cir.1989). The claimant bears the burden of proving each of these elements by a preponderance of the evidence. Adams, 886 F.2d at 820.
 
 
 8
 A thorough review of the entire record reveals that the ALJ accurately and sufficiently summarized all relevant medical evidence. The ALJ concluded that the evidence, and in particular, the X-rays and physicians' opinions, did not establish the existence of pneumoconiosis under 20 C.F.R. Sec. 718.202. It was within his discretion to assign more probative weight to the most recent films and to those readings by B-Readers and radiologists. Mullins Coal Co. v. Director, OWCP, 484 U.S. 135, 146-49 (1987); Saginaw Mining Co. v. Ferda, 879 F.2d 198, 205 (6th Cir.1989); Back v. Director, OWCP, 796 F.2d 169, 172 (6th Cir.1986); Orange v. Island Creek Coal Co., 786 F.2d 724, 726 (6th Cir.1986). It is clear from the ALJ's decision and order in this case that the ALJ conducted a qualitative analysis, looking to the B-Reader interpretations by 18 B-Readers and assigning those readings greater weight than those interpretations by less qualified physicians. Therefore, the ALJ properly found that no pneumoconiosis had been established pursuant to Sec. 718.202(a)(1). See Woodward v. Director, OWCP, No. 92-3282, 1993 U.S.App. LEXIS 7509, at * 13-14 (6th Cir. April 9, 1993).
 
 
 9
 The record also supports the ALJ's conclusions that no biopsy or autopsy evidence is present and that no presumptions in Part 718 are applicable to Robinson's claim. Therefore, pneumoconiosis could not be established pursuant to Secs. 718.202(a)(2), 718.202(a)(3), 718.304, or 718.305.
 
 
 10
 The ALJ's conclusion that pneumoconiosis could not be established pursuant to Sec. 718.202(a)(4) is also supported by substantial evidence. The ALJ assigned greater probative weight to those opinions by pulmonary specialists and by those board-certified in internal medicine. This court must defer to an ALJ's determinations of credibility and resolutions of inconsistencies in testimony, including the weight to be accorded physicians' opinions. Riley v. National Mines Corp., 852 F.2d 197, 198 (6th Cir.1988) (per curiam). See also Welch v. Benefits Review Bd., 808 F.2d 443, 445 (6th Cir.1986) (per curiam). Because a finding of pneumoconiosis is essential for entitlement to benefits under the Black Lung Act, the ALJ's order denying benefits is in accordance with the law.
 
 
 11
 Therefore, the petition for review is hereby denied, and the BRB's decision affirming the ALJ's denial of benefits is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Leon Jordan, U.S. District Judge for the Eastern District of Tennessee, sitting by designation