37 F.3d 1499
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Lendon REED, Petitioner,
v.
MARTIN COUNTY COAL CORPORATION; A.J. Massey; Director,
Office of Workers' Compensation Programs, United
States Department of Labor, Respondents.
 No. 94-3310.
 United States Court of Appeals, Sixth Circuit.
 Oct. 6, 1994.
 
 Before: BROWN, MARTIN and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Lendon Reed, pro se, petitions for review of the Benefits Review Board's decision denying him benefits under the Black Lung Benefits Act. 30 U.S.C. Secs. 901-945. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This claimant filed his application for benefits in July of 1990. The Department of Labor denied benefits to Reed on November 5, 1990, and, again, on February 13, 1991, after the Department reviewed additional evidence. The claimant then requested a hearing before an Administrative Law Judge (ALJ), and a hearing was held on May 14, 1992. Based upon an analysis of the entire record, the ALJ issued a Decision and Order Denying Benefits. The ALJ found that Reed was engaged in coal mine employment for fourteen years, was most recently employed as a "general inside laborer" for a period of one year until he was laid off, and was employed as a mine mechanic in dusty conditions for twelve years. Analyzing the claim under Part 718 of the regulations, the ALJ then found that none of the medical evidence showed that Reed suffered from pneumoconiosis. The ALJ further analyzed the claim under the assumption that Reed could have established the existence of pneumoconiosis, but concluded that the record failed to establish a total repiratory disability for which Reed would be entitled to benefits under Part 718.
 
 
 3
 Reed appealed this decision to the Benefits Review Board, which affirmed the ALJ's denial of benefits. On appeal, Reed makes general requests for this court to review his case, to find that he suffers from Black Lung, and to award compensation to him. Reed also alleges that certain doctors that examined him were aware that something was "wrong" with his lungs, but did not report their findings because they were "for the coal companies."
 
 
 4
 This court has recognized that it must affirm the BRB's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). This court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Skukan v. Consolidation Coal Co., 993 F.2d 1228, 1231 (6th Cir.1993), petition for cert. filed, 62 U.S.L.W. 3429 (U.S. Dec. 17, 1993) (No. 93-964); Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 5
 Because this claim was filed after March 31, 1980, the ALJ and Board properly analyzed the claim under Part 718 of the regulations. 20 C.F.R. Sec. 718.2; Saginaw Mining Co. v. Ferda, 879 F.2d 198, 204 (6th Cir.1989). To establish eligibility for benefits under this Part, a miner must show that: 1) he has pneumoconiosis; 2) the pneumoconiosis arose out of coal mine employment; and 3) the pneumoconiosis has rendered him totally disabled. 20 C.F.R. Secs. 718.2, 718.202-718.205; Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989). The claimant bears the burden of proving each of these elements by a preponderance of the evidence. Adams, 886 F.2d at 820.
 
 
 6
 The ALJ thoroughly considered all of the x-ray interpretations submitted by the parties. It was reasonable for the ALJ to consider the qualifications of the x-ray readers at the time of the readings and to consider the recency of the x-rays being read. Mullins Coal Co. v. Director, OWCP, 484 U.S. 135, 146-49 (1987); Back v. Director, OWCP, 796 F.2d 169, 172 (6th Cir.1986). Although three readings reveal positive findings for pneumoconiosis, the ALJ properly found that Drs. Hieronymus and Fritzhand were not board-certified radiologists or B-readers, so that the remaining interpretations by more qualified physicians outweighed the import of those positive findings. Because the ALJ made a qualitative evaluation of the readings, considering the qualifications of the readers, as well as a quantitative evaluation, the ALJ's conclusion that the x-ray evidence did not establish pneumoconiosis under Sec. 718.202(a)(1) is supported by substantial evidence. Woodward v. Director, OWCP, 991 F.2d 314, 321 (6th Cir.1993).
 
 
 7
 Because there was no autopsy or biopsy evidence in existence, and because no complicated pneumoconiosis was found, no presumptions could be made on the miner's behalf under Secs. 718.202(a)(2) or 718.202(a)(3). The ALJ's conclusion that pneumoconiosis could not be established pursuant to Sec. 718.202(a)(4) is also supported by substantial evidence. Three of the reporting doctors, who the record indicates are pulmonary specialists, concluded that there is no evidence of pneumoconiosis or pulmonary impairment attributable to Reed's exposure to coal dust during his employment in the mines. Although Reed's family physician diagnosed pneumoconiosis, the ALJ considered this doctor's report and found that it was outweighed by the opinions by doctors with superior qualifications.
 
 
 8
 Moreover, the ALJ properly found that the claimant's family physician opined only that Reed was disabled "for employment in a dusty environment due to his pulmonary disease." This court has held that such a finding by a medical doctor is not sufficient to establish total disability under the Act. Zimmerman v. Director, OWCP, 871 F.2d 564, 567 (6th Cir.1989). Rather, the medical opinion must establish that the miner suffered from pneumoconiosis to the extent that the disease "prevents or prevented the miner from performing usual coal mine work or comparable or gainful work, so that the claimant could not physically perform his work in a coal mine." 30 U.S.C. Sec. 902(f)(1); Bowling v. Director, OWCP, 920 F.2d 342, 344 (6th Cir.1990); Zimmerman, 871 F.2d at 567. The record does not contain such an opinion.
 
 
 9
 Accordingly, the petition for review is denied. Rule 9(b)(3), Rules of the Sixth Circuit.