43 F.3d 1472
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Olga HAMILTON, on behalf of Sterling HAMILTON, claimant, Petitioner,
v.
LIGON PREPARATION COMPANY; Old Republic Insurance Company;
Director, Office of Workers' Compensation
Programs, United States Department of
Labor, Respondents.
 No. 94-3580.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1994.
 
 1
 Before MILBURN and SUHRHEINRICH, Circuit Judges, and JOINER, District Judge.*
 
 ORDER
 
 2
 Olga Hamilton, pro se, petitions for review of the Benefits Review Board's decision denying her late husband benefits under the Black Lung Benefits Act. 30 U.S.C. Secs. 901-945. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Sterling Hamilton initially filed a claim for benefits on October 31, 1989. The District Director denied the application on at least three occasions. Mr. Sterling then requested a hearing before an Administrative Law Judge (ALJ), and a hearing was held on March 18, 1992.
 
 
 4
 Thereafter, the ALJ issued a Decision and Order Denying Benefits. Reviewing the claim under Part 718, the ALJ found that the claimant had not met his burden of showing the existence of pneumoconiosis so that he would be entitled to benefits. The claimant timely appealed this decision to the Board. However, pending this appeal, Sterling Hamilton died, on October 30, 1992. Olga Hamilton, Sterling Hamilton's widow, then pursued the claim on his behalf which the Board permitted her to do. Upon review of the merits of the claim, the Board then affirmed the ALJ's denial of benefits as supported by substantial evidence.
 
 
 5
 On appeal, Mrs. Hamilton argues that her late husband's black lung disease was "overlooked" during the treatment of the cancer which ultimately caused his death. She also believes the Board's decision is in error because four doctors apparently informed her that her husband had black lung disease. The widow relies on her husband's death certificate, which indicates that coal workers' pneumoconiosis was a "significant condition" contributing to Mr. Hamilton's death, although this condition did not result in the "underlying immediate cause" of his death, that being metastatic adenocarcinoma of the colon.
 
 
 6
 This court has recognized that it must affirm the Board's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). This court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 7
 Because this claim was filed after March 31, 1980, the ALJ and Board properly analyzed the claim under Part 718 of the regulations. A review of the X-ray evidence reveals that it is overwhelmingly negative for establishing the existence of pneumoconiosis pursuant to 20 C.F.R. Sec. 718.202(a), and the only positive reading was by a physician who was not a certified B-Reader. It was reasonable for the ALJ to consider the qualifications of the x-ray readers at the time of the readings and to consider the recency of the x-rays being read. Mullins Coal Co. v. Director, OWCP, 484 U.S. 135, 146-49 (1987); Back v. Director, OWCP, 796 F.2d 169, 172 (6th Cir.1986). The ALJ made a quantitative evaluation of these readings, as well as a qualitative evaluation, meeting this court's standard for analyzing x-ray evidence for the existence of pneumoconiosis pursuant to Sec. 718.202(a)(1). Woodward v. Director, OWCP, 991 F.2d 314, 321 (6th Cir.1993). Thus, the ALJ's conclusion that Hamilton failed to show the existence of the pneumoconiosis under Sec. 718.202(a)(1) is supported by substantial evidence.
 
 
 8
 The ALJ also properly found that, because there was no autopsy or biopsy evidence of record and because no complicated pneumoconiosis was found, the existence of the disease could not be established under Sec. 718.202(a)(2) or Sec. 718.202(a)(3). Substantial evidence also supports the ALJ's conclusion that Hamilton could not establish the existence of pneumoconiosis by the medical reports and the hospitalization records. The examining physicians, Drs. Mettu, Dahhan and Broudy, found no objective evidence to support a finding that Hamilton had black lung disease. Dr. Broudy is board-certified in internal medicine. Two other board-certified internists, Drs. Lane and Branscomb, agreed that Hamilton did not have coal workers' pneumoconiosis. Only Dr. Potter, a family practitioner, diagnosed coal workers' pneumoconiosis, based on X-ray evidence. It was appropriate for the ALJ to weigh the qualifications of the physicians and to conclude that the evidence did not establish pneumoconiosis under Sec. 718.202(a)(4). Riley v. National Mines Corp., 852 F.2d 197, 198 (6th Cir.1988) (per curiam); Welch v. Benefits Review Bd., 808 F.2d 443 (6th Cir.1986) (per curiam).
 
 
 9
 Likewise, the ALJ could discredit the diagnoses in the hospitalization reports of chronic obstructive pulmonary disease secondary to pneumoconiosis because, in the ALJ's words, "the bare and bald conclusion that the claimant has chronic obstructive pulmonary disease and/or pneumoconiosis is not an exercise in reasoned medical judgment and is lacking in probative value." These diagnoses were made during the time that Hamilton was being hospitalized only for his colon cancer. This court may not substitute its own judgment for that of the ALJ when the ALJ has carefully considered each part of the evidence, as he did in this case. Knuckles v. Director, OWCP, 869 F.2d 996, 998 (6th Cir.1989). Lastly, the Board properly noted that Mrs. Hamilton still has the opportunity to present her husband's death certificate as evidence by way of filing a request for modification with the District Director or by filing a separate widow's claim. See 20 C.F.R. Secs. 725.212-725.228, 725.301 and 725.310.
 
 
 10
 Accordingly, the petition for review is denied. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, U.S. District Judge for the Eastern District of Michigan, sitting by designation