50 F.3d 10
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Billie B. BANKS, Petitioner,
v.
CUMBERLAND RIVER COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 94-3877.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1995.
 
 Before: KRUPANSKY, NELSON and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Billie B. Banks, pro se, petitions for review of a Benefits Review Board's decision denying him benefits under the Black Lung Benefits Act. 30 U.S.C. Secs. 901-945. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The claimant filed his application for benefits on February 3, 1992. After the claim was denied, Banks requested a hearing before an Administrative Law Judge (ALJ). The hearing took place on June 8, 1993 and, thereafter, the ALJ issued a Decision and Order Denying Benefits.
 
 
 3
 The ALJ found that Banks had engaged in coal mining employment for nineteen years and was a "miner" within the meaning of the Act. Applying Part 718 of the regulations, the ALJ then found that the claimant could not establish the existence of pneumoconiosis under Sec. 718.202 and thus was not be entitled to benefits. On appeal, the Board affirmed the ALJ's denial of benefits, concluding that it was supported by substantial evidence. Banks has petitioned this court for review.
 
 
 4
 This court has recognized that it must uphold the Board's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). This court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 5
 Because this claim was filed after March 31, 1980, the ALJ and Board properly analyzed the claim under Part 718 of the regulations. 20 C.F.R. Sec. 718.2; Saginaw Mining Co. v. Ferda, 879 F.2d 198, 204 (6th Cir.1989). To establish eligibility for benefits under this Part, a miner must show that: 1) he has pneumoconiosis; 2) the pneumoconiosis arose out of coal mine employment; and 3) the pneumoconiosis has rendered him totally disabled. 20 C.F.R. Secs. 718.2, 718.202-718.204; Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989). The claimant bears the burden of proving each of these elements by a preponderance of the evidence. Adams, 886 F.2d at 820.
 
 
 6
 In reviewing the X-rays for purposes of determining whether Banks had established pneumoconiosis under Sec. 718.202(a)(1). It was reasonable for the ALJ to consider the qualifications of the X-ray readers and to weigh the interpretations accordingly. Mullins Coal Co. v. Director, OWCP, 484 U.S. 135, 146-49 (1987); Back v. Director, OWCP, 796 F.2d 169, 172 (6th Cir.1986). Relying on this method of analysis, the ALJ observed that six of the eight x-rays in the record were reviewed by B-Readers. The ALJ also noted that all of the positive readings of record by B-Readers and other physicians were re-read as negative by other B-Readers. However, the ALJ failed fully to consider and discuss the two positive interpretations by B-Readers of the most recent X-ray of record, taken on March 10, 1993.
 
 
 7
 This court has accepted the principle that later X-rays may be assigned greater weight because pneumoconiosis is a progressive and irreversible disease. Ferda, 879 F.2d at 205; Orange v. Island Creek Coal Co., 786 F.2d 724, 727 (6th Cir.1986). In this case, the ALJ erred by merely comparing the number of positive B-readings with the number of negative B-readings, without considering the temporal element. (We find no indication that the two negative rereadings that the employer allegedly sent to the ALJ, post-hearing, were ever received by the ALJ or made part of the administrative record. Thus, this court may not consider those readings in this appeal. See S & E Shipping Corp. v. Chesapeake & Ohio Ry., 678 F.2d 636, 641 (6th Cir.1982).)
 
 
 8
 The ALJ, upon remand, should also reconsider the medical report by Dr. Baker, who diagnosed pneumoconiosis. Dr. Baker is the only physician shown by the record to be board-certified in internal medicine and pulmonary disease. The record contains no qualifications for the other four physicians who reported a finding of no pneumoconiosis. Because the examinations took place all within one year, 1992, it was the ALJ's obligation to resolve the inconsistencies in these reports without relying upon numbers alone. See Woodward v. Director, OWCP, 991 F.2d 314, 321.
 
 
 9
 Accordingly, the petition for review is granted, the Board's decision is vacated, and the case is remanded for further consideration in accordance with this order. Rule 9(b)(3), Rules of the Sixth Circuit.